UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RUSSO and
WENDY RUSSO
    Plaintiff,

-vs.-   **DEMAND FOR JURY TRIAL**

VIKING CLIENT SERVICES, INC.,
a Minnesota corporation,
    Defendant.

_____

# COMPLAINT & JURY DEMAND

Plaintiffs, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Viking Client Services, Inc. which is a Minnesota company that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt in regards to a Credit One credit card from 2008. Wendy Russo, alone, is the only possible obligor on this debt ("the Debt").

7. Defendant is calling Plaintiffs from 800-795-6224.

8. On or about August 7, 2012, Defendant, through its representative, John Berg, called John Russo, and told him that if he does not pay the alleged debt, then they are going to serve papers on him. Mr. Berg told Plaintiff, John Russo, that he was a lawyer for Viking Client Services.

9. On or about August 8, 2012, Defendant called Mr. Russo at his place of employment at 8:12 a.m. Mr. Russo did not answer the phone, so two minutes later, Defendant called Mr. Russo on his cell phone and then he called Mrs. Russo on her cell phone. On this date, Defendant left Mrs. Russo a voicemail in which he failed to disclose that he was a debt collector.

10. On or about August 13, 2012, John Berg called Mr. Russo's cell phone around 7:32 p.m. Mr. Russo was working at this time. Mr. Berg said to Plaintiff, "Evidently you're not

working if you're answering your cell." Plaintiff responded by asking Mr. Berg how he got his cell phone number and his wife's cell phone number. Mr. Berg told Plaintiff that it was provided to him by a company that can track numbers and that it is completely legal. He then proceeded to tell Plaintiff that he had 24 hours to respond to him regarding paying the alleged debt or he would "turn it over."

11. Defendant has called Plaintiffs' house and both of their cell phones after this 24 hour time period, so the debt was not "turned over." In addition, Plaintiffs have not been served with any such lawsuit, despite what Mr. Berg told Plaintiff, John Russo, previously.

12. To date, Plaintiffs have not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

### COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

31. Plaintiff reincorporates the preceding allegations by reference.

32. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(1).

33. At no time has the Defendant ever had an "established business relationship" with the Plaintiff as that term is defined at 47 U.S.C. 227(a)(2).

34. Plaintiff is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

35. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

36. The Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

   a. Actual damages.

   b. Statutory damages.

   c. Treble damages.

   d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Gary Nitzkin |
| August 27, 2012 | GARY D. NITZKIN  P41155 |
|  | TRAVIS SHACKELFORD P68710 |
|  | MICHIGAN CONSUMER CREDIT LAWYERS |
|  | Attorneys for Plaintiff |
|  | 22142 West Nine Mile Road |
|  | Southfield, MI 48033 |
|  | (248) 353-2882 |
|  | Fax (248) 353-4840 |
|  | Email – gary@micreditlawyer.com |